

# THE ATTORNEY GENERAL
## OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

December 27, 1989

Mr. A. W. Pogue
Commissioner
State Board of Insurance
1110 San Jacinto
Austin, Texas  78701-1998

Opinion No.  JM-1125

Re:  Construction of the provi-
sions of Insurance Code  article
21.28-A, regarding  conservator-
ship  (RQ-1804)

Dear Mr. Pogue:

You ask:

> (1)  whether section 3 of [Insurance Code]
> art. 21.28-A provides  an alternate route  to
> conservatorship or are sections  5 and 6  the
> only governing statutes for  conservatorship;
> and

> (2)  whether the  legislature intended  to
> give the Commissioner discretionary authority
> to proceed under section 3 or 5.

Article 21.28-A of the Insurance Code was substantially
amended in 1987 and 1989.   You say that your questions  are
prompted by concerns  as to the  application of section  5A,
added in 1989,  to the provisions  of sections 3  and 5,  as
amended in 1987 and 1989.   Section 5A applies to  conserva-
torships imposed  on  and  after  September  1,  1989.    The
section provides in subsection (a):

> On appointment  of a  conservator <u>as  pro-
> vided by Sections  5 and 6</u> of this  Article,
> the Commissioner of  Insurance shall  publish
> notice of the conservatorship in at least one
> newspaper with  general circulation  in  each
> county that  has  a population  of  at  least
> 100,000 according to the most recent  federal
> decennial census.  (Emphasis added.)

Acts 1989, 71st Leg., ch. 1082, § 4.02, at 4385.

Section 6, referenced in section 5A, makes special provisions for supervision, conservatorship, etc., with regard to insurance companies doing business but not domiciled in Texas. Apart from its reference to appointment of a conservator under section 6, section 5A also requires publication of notice when a conservator is appointed "as provided by" section 5. Section 5 makes detailed provisions for the appointment of and powers and duties of a conservator. As section 3 also refers to a conservator being appointed (after a period of supervision), your concern appears to be focussed on whether the commissioner may utilize section 3 as independent authorization for appointment of a conservator such that the appointment would not trigger the publication requirement of section 5A, since the latter section's publication requirement applies, on its face, only to appointments under sections 5 and 6.

Article 21.28-A was added to the Insurance Code in 1967. Acts 1967, 60th Leg., ch. 281, at 671. In section 1, the legislature declared that it had found existing laws sometimes inadequate

> in respect of a need to remedy the financial condition and the management of certain insurers. . . . It is the purpose of the Legislature to provide for rehabilitation and conservation of insurers by authorizing and requiring the additional facility of supervision and conservatorship by the State Board of Insurance, to authorize action to resolve whether an attempt be made to rehabilitate and conserve an insurer, and to avoid, if possible and feasible, the necessity of temporary or permanent receivership.

Prior to 1987, section 3 provided for the commissioner's determining that a company was in need of supervision. If a company was placed under supervision, the company had 60 days to comply with requirements imposed by the commissioner. If the company failed to comply within 60 days, the commissioner, after notice and hearing, was to take charge "as conservator of the insurance company and all of the property and effects thereof."

Prior to 1987, section 5 began:

> If, after notice, and after hearing, at the conclusion of said sixty (60) day period, it is determined that such insurance company

> has failed to comply with the lawful requirements of the Commissioner, or upon consent by an insurance company, the Commissioner may appoint a conservator, who shall immediately take charge of such insurance company and all of the property, books, records, and effects thereof, and conduct the business thereof, and take such steps toward the removal of the causes and conditions, which have necessitated such order, as the Commissioner may direct.

The rest of section 5 detailed the powers and duties of a conservator, and gave the commissioner discretion to operate the company through a conservator or report the matter to the attorney general to take appropriate action. If the company's affairs were wound up and its policies reinsured or terminated under the conservatorship, the commissioner then had to report the matter to the attorney general who was to take action "to effect the forfeiture or cancellation of the charter of the insurance company so reinsured and liquidated." Id.

In 1987, section 3 was amended to allow the commissioner to extend the time a company under supervision had to comply with the commissioner's requirements before conservatorship was imposed. Acts 1987, 70th Leg., ch. 1073, § 34, at 3653. The same bill also added essentially identical provisions to sections 3 and 5 authorizing the commissioner to impose conservatorships upon determining that the company was insolvent, had exceeded its lawful powers, or that its continuation in business would be hazardous.[1] Section 5 was also amended to delete reference to the prior 60 day requirement of section 3 and to give the commissioner discretion as to when and if he would proceed from supervision to management of the company through a conservator. Before 1987 the sentence of section 5 read:

> It shall be in the discretion of the Commissioner of Insurance to determine whether or not he will operate the insurance company

---

1. These provisions essentially track the language which has always appeared in section 3 regarding the commissioner's determinations prior to imposition of supervision.

through a conservator, as provided above, or to report it to the Attorney General, as herein provided.

It was amended in the 1987 act to read:

It shall be in the discretion of the Commissioner of Insurance to determine <u>at any time</u> whether or not <u>the insurance company is placed in supervision or</u> he will operate the insurance company through a conservator, as provided above, or report it to the Attorney General <u>for the purpose of taking any remedial action including, without limitation, applying for appointment of a receiver under Article 21.28 of this code</u>. (Language added by amendment underscored.)

In 1989, in an apparent effort to remove some of the discretion given to the commissioner in 1987 <u>vis-a-vis</u> extending the supervision period, the legislature again amended section 3. Companies under supervision are now given a period of "not more than 60 days" to comply with the commissioner's requirements, and the period can be extended for another period of 30 days if the commissioner determines there is a "substantial likelihood of rehabilitation." At that point, if the commissioner determines that the company has failed to comply with his requirements, it is not rehabilitated, it is insolvent, etc., the section provides that the commissioner "shall" impose conservatorship. Acts 1989, 71st Leg., ch. 1082, § 5.01. No further amendment to the provisions of section 5 relevant to the issues presented here was made in 1989. Section 5A, requiring publication of notice of an appointment of a conservator, however, was added at that time. <u>Id.</u> § 4.02. For convenience, we consign the lengthy provisions of current sections 3 and 5 to an appendix.

We think that the reference to appointment of a conservator in section 3 appears there to clarify that supervision, the primary concern of that section, must lead within the stated time period either to conservatorship or to release from supervision. Section 5 provides for the powers and duties of a conservator, while section 3 does not at all except in the phrase "shall take charge as conservator of the insurance company and all of the property and effects thereof." <u>Id.</u> § 5.01. Even if a conservator were considered to have been appointed under section 3 subsequent to supervision, he would have to refer to section

5 for the provisions governing his activities as conservator.

As to what we perceive to be the focus of your inquiry, whether there can be a section 3 appointment of a conservator such that the publication requirement of section 5A is not triggered, we conclude in the negative. Apart from section 6 appointments regarding non-Texas domiciliary companies, which are also embraced in the section 5A publication requirement, we think that an appointment of a conservator under article 21.28-A, even if governed in part by section 3 provisions, is an appointment made "as provided by section 5" within the meaning of section 5A, and triggers the notice publication requirements of the latter section.

We doubt the legislature could have intended to create in so circuitous a manner an exception to the publication requirement of section 5A for a "route to conservatorship" through prior supervision which has throughout the history of article 21.28-A been the principal, and until 1987 at least, the only route, absent company consent, to conservatorship.[2]

The language of section 5 regarding the commissioner's discretion "to determine at any time whether or not the company is placed in supervision or he will operate the insurance company through a conservator," coupled with that in both sections 3 and 5 regarding other determinations which authorize imposition of conservatorship, appears to have authorized the commissioner, since 1987, to place a company in conservatorship, absent company consent, without its first having undergone section 3 supervision. Even if that language has such effect, we do not believe it operates to create "two routes to conservatorship," such that an appointment may be made under section 3 alone and not be subject to the section 5A publication requirement.

As to your questions as stated, you have raised no other consequences of our finding an "alternative route" to conservatorship or "discretion" in the commissioner "to

---

2. See also Bill Analysis, to S.B. 255, 71st Leg. (1989) (the act adding section 5A, which states that section 5A applies "if the commissioner appoints a conservator," without making distinctions as to which sections of the article authorized such appointment).

proceed under section 3 or 5," than the avoidance of section 5A's publication requirement. Since we have concluded in response to what we perceive to be the focus of your inquiry that section 3 does not for purposes of section 5A's publication requirement provide an alternative route to conservatorship, and that the commissioner has no discretion to proceed under section 3 in appointing a conservator such that the section 5A publication requirement is not triggered, we will defer treating any other issues as to alternative routes or proceedings open to the commissioner under sections 3 and 5 until they are squarely presented.

### S U M M A R Y

Section 3 of article 21.28-A of the Insurance Code does not provide an "alternative route to conservatorship" such that the Commissioner of Insurance may appoint a conservator for a troubled insurance company by invoking only section 3 provisions for the appointment, and thereby not triggering the requirement of section 5A that notice of appointment of a conservator be published.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General

Mr. A. W. Pogue - Page 7 (JM-1125)

## APPENDIX

Section 3 of Insurance Code article 21.28-A now provides:

> If upon examination or at any other time it appears to or is the opinion of the Commissioner of Insurance that any insurance company is insolvent, or its condition is such as to render the continuance of its business hazardous to the public or to holders of its policies or certificates of insurance, or if such company appears to have exceeded its powers (as defined herein) or has failed to comply with the law, or if such insurance company gives its consent (as defined herein), then the Commissioner of Insurance shall upon his determination (a) notify the insurance company of his determination, and (b) furnish to the insurance company a written list of the Commissioner's requirements to abate his determination, and (c) if the Commissioner makes a further determination to supervise he shall notify the insurance company that it is under the supervision of the Commissioner of Insurance and that the Commissioner is applying and effecting the provisions of this Article. Such insurance company shall comply with the lawful requirements of the Commissioner of Insurance. If placed under supervision, the insurance company shall have not more than sixty (60) days from the date of the Commissioner's notice of supervision to comply with the requirements of the Commissioner. The Commissioner may extend the supervision for an additional period not to exceed thirty (30) days on written determination by the Commissioner that there is a substantial likelihood of rehabilitation. No hearing is required before the Commissioner makes the determination. During the period of supervision, the insurance company shall continue to pay claims according to terms of the insurance policy, and the Commissioner may schedule a hearing relating to the insurance company in supervision with not less than ten (10) days' written notice to

all parties of record on his own motion or that of any party of record. However, notice may be waived by the parties of record. If after hearing it is determined that the insurance company has failed to comply with the lawful requirements of the Commissioner, it has not been rehabilitated, it is insolvent, or it is otherwise in such a condition as to render the continuance of its business hazardous to the public or to holders of its policies or certificates of insurance, or if the company appears to have exceeded its powers as defined in this Article, the Commissioner of Insurance, acting for himself, or through a conservator appointed by the Commissioner of Insurance for that purpose, shall take charge as conservator of the insurance company and all of the property and effects thereof. If after hearing it is determined that the insurance company has been rehabilitated or its cordition has otherwise been remedied such that the continuance of its business is no longer hazardous to the public or to holders of its policies or certificates of insurance, the Commissioner may release that insurance company from supervision. Section 15, Administrative Procedure and Texas Register Act (Article 6252-13a, Vernon's Texas Civil Statutes), does not apply to hearings held by the Commissioner or his representative under this Article.

Section 5 now provides in pertinent part:

If, after notice and opportunity for hearing, it is determined that such insurance company is insolvent, or its condition is such as to render the continuance of its business hazardous to the public or to holders of its policies or certificates of insurance, or if the company appears to have exceeded its powers as defined in this Article, or has failed to comply with any lawful requirements of the Commissioner, or upon consent by an insurance company, and if it is determined that supervision is inadequate to accomplish the rehabilitation of the company, the Commissioner in his discretion

may appoint a conservator, who shall immediately take charge of such insurance company and all of the property, books, records, and effects thereof, and conduct the business thereof, and take such steps toward the removal of the causes and conditions, which have necessitated such order, as the Commissioner may direct. During the pendency of conservatorship, the conservator shall make such reports to the Commissioner from time to time as may be required by the Commissioner, and shall be empowered to take all necessary measures to preserve, protect, and recover any assets or property of such insurance company, including claims or causes of action belonging to or which may be asserted by such insurance company, and to deal with the same in his own name as conservator, and shall be empowered to file, prosecute, and defend any suit or suits which have been filed or which may thereafter be filed by or against such insurance company which are deemed by the conservator to be necessary to protect all of the interested parties or any property affected thereby. If at the time of appointment of a conservator or at any time during the pendency of such conservatorship it appears that the interest of the policy holders or certificate holders of such insurance company can best be protected by reinsuring the same, the conservator may, with the approval of or at the direction of the Commissioner: (1) reinsure all or any part of such insurance company's policies or certificates of insurance with some solvent insurance company authorized to transact business in this state, and (2) to the extent that such insurance company in conservatorship is possessed of reserves attributable to such policies or certificates of insurance, the conservator may transfer to the reinsuring company such reserves or any portion thereof as may be required to consummate the reinsurance of such policies, and any such reserves so transferred shall not be deemed a preference of creditors. The liquidator of the State Board of Insurance, or his duly appointed deputy, may be appointed to serve as the conservator. During the

pendency of a conservatorship, the Commissioner may schedule a hearing relating to the insurance company in conservatorship with not less than ten (10) days' written notice to all parties of record on his own motion or that of any party of record; provided, however, that notice may be waived by the parties of record. If the Commissioner of Insurance is satisfied at any time and regardless of the presence or absence of any state of supervision or conservatorship, that such insurance company is not in condition to continue business in the interest of its policy or certificate holders, the Commissioner of Insurance shall give notice to the Attorney General who shall thereupon apply to any Court in Travis County, Texas, having jurisdiction thereof for leave to file a suit in the nature of quo warranto to forfeit the charter of such insurance company or to require it to comply with the law or to satisfy the Commissioner of Insurance as to its solvency, and to satisfy the requirement that its condition is such as to render the continuance of its business not hazardous to the public or to the holders of its policies or certificates of insurance. It shall be in the discretion of the Commissioner of Insurance to determine at any time whether or not the insurance company is placed in supervision or he will operate the insurance company through a conservator, as provided above, or report it to the Attorney General for the purpose of taking any remedial action including, without limitation, applying for appointment of a receiver under Article 21.28 of this code. No period of supervision or conservatorship is necessary as a prerequisite for the Attorney General to take that remedial action. When all the policies of an insurance company are reinsured or terminated, and all of its affairs concluded, as herein provided, the Commissioner of Insurance shall report the same to the Attorney General, who shall take such action as may be necessary to effect the forfeiture or cancellation of the charter of the insurance company so reinsured and liquidated. Where the Commissioner of

Insurance lends his approval to the merger, consolidation or reinsurance of all the policies of one insurance company with that of another, the same shall be reported to the Attorney General who shall proceed to effect the forfeiture or cancellation of the charter of the insurance company from which the policies were merged, consolidated or reinsured, in the same manner as is provided for the charters of companies totally reinsured or liquidated. The cost incident to the supervisor's and conservator's service shall be fixed and determined by the Commissioner of Insurance and, subject to Subsection (a) of Section 8 of Article 21.28 of this ccde, shall be a charge against the assets and funds of the insurance company to be allowed and paid as the Commissioner of Insurance may determine.